[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (119) DEFENDANT'S MOTION TO MODIFY SUPPORT AND ALIMONY (120) DEFENDANT'S MOTION FOR CONTEMPT (121) DEFENDANT'S MOTION FOR FINANCIAL CONTRIBUTION CT Page 9923
In the above-captioned dissolution of marriage, the court entered orders on August 4, 1997, requiring the defendant to pay $600.00 per week to the plaintiff as support and alimony.
The defendant has moved this court for a modification of that order and for other relief related to the finances of the parties.
Having heard the evidence and testimony of the parties and having considered the criteria set forth in Sections 46b-81,46b-82 and 46b-84, Conn. Gen. Statutes, the court makes the following findings and orders.
Since the August 4, 1997 orders, there have been several notable changes in the finances of both parties. The defendant was injured in an automobile accident on September 19, 1997. On the advice of his physician, he has temporarily limited his employment to "light duty". He is about to begin that work in one week. His gross pay will be reduced from $1355.66 to approximately $365.00 per week. He will not be able to resume his full employment as a transmission mechanic for "some time yet."
He is also is entitled to receive approximately $500.00 as accrued disability benefits.
The plaintiff was involved in an auto accident approximately two weeks after the defendant and has been injured. In addition, she is no longer receiving either a disability payment or a weekly severance payment from her prior employer, Aetna. She reports that she is no longer receiving any rental income as she had been at the time the previous financial orders were entered. She testified that at the present time she has no sources of income.
She further testified that due to her financial downturn, it was necessary for her to relocate to her parents home in the town of Bethel with the parties' minor children.
She is making a somewhat less than aggressive search for employment as an executive secretary or for any position with pay comparable to the money she had been receiving. The CT Page 9924 plaintiff is ordered to make a diligent search for employment and is ordered to submit a written list of her efforts to the defendant on or before November 24, 1997.
Having made the foregoing findings, the court enters the following orders.
The defendant's obligation to pay $600.00 per week to the plaintiff is suspended retroactively to September 30, 1997.
The defendant is ordered to pay to the plaintiff child support in the amount of $100.00 per week. The defendant is further ordered to pay to the plaintiff alimony pendente lite in the amount of $50.00 per week. Said orders are based upon the total net income of the parties in the approximate amount of $275.00. They are subject to future modification upon a finding that additional net income was not reported to the court. The defendant is ordered to convey to the plaintiff $500.00 from the accrued disability payable to him. Said amount is to be used by the plaintiff for expenses related to maintenance of the marital residence.
The monthly mortgage payments on the marital residence are to be made equally by the parties from the bank accounts listed on their respective financial affidavits.
All orders contained herein are to be reviewed by the court at a hearing on December 1, 1997. At that time the court will require evidence and testimony, if necessary, concerning the resumption by the defendant of full employment and the efforts by the plaintiff to obtain employment.
Defendant's motions #120 and #121 are marked off without prejudice and are to be before the court on December 1, 1997.
By The Court Joseph W. Doherty Judge